## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **KYLE HAYES, on behalf of Himself and all other persons similarly situated, known and unknown,** | ) ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No. 23-cv-03296** |
| **CGB ENTERPRISES, INC. D/B/A CONSOLIDATED GRAIN AND BARGE CO. and CONSOLIDATED TERMINALS AND LOGISTICS, CO.** | ) ) ) ) ) | |
| **Defendants.** | ) | |

### OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant CGB Enterprises, Inc.'s ("CGB")
Motion to Stay Proceedings (d/e 20).  For the following reasons,
Defendant CGB's Motion (d/e 20) is DENIED.

### I.     BACKGROUND

On August 24, 2023, Plaintiff Kyle Hayes, individually and on
behalf of those similarly situated, filed a four-Count Class Action
Complaint against Defendant CGB Enterprises, Inc. ("CGB") in the
Circuit Court of the Seventh Judicial Division, Sangamon County,

asserting that he used timekeeping technology to clock in and out from work in a manner that violated the Illinois Biometric Information Privacy Act (BIPA), 740 ILCS 14/1, et seq.  See d/e 1, Ex. B, ¶¶ 50–64.  On October 11, 2023, Defendant CGB filed a Notice of Removal to this Court.  See d/e 1.  On December 29, 2023, Plaintiff filed a First Amended Complaint.  See d/e 9.

On January 26, 2024, Defendant CGB filed a Motion to Dismiss.  See d/e 11.  On June 20, 2024, this Court denied Defendant CGB's Motion.  See d/e 19.

On July 3, 2024, Defendant CGB filed a Motion to Stay Proceedings, seeking a temporary stay of the instant proceedings in light of Senate Bill (SB) 2979.  d/e 20.

On July 18, 2024, Plaintiff Kyle Hayes filed his Response (d/e 23).

## II.  ANALYSIS

The Court has "broad discretion in deciding whether to stay proceedings as an incident to its power to control its own docket consistent with equity, judicial economy and the parties' interests." U.S. Sec. and Exch. Comm'n v. Glick, No. 17 C 2251, 2019 WL 78958 at *5 (N.D. Ill. Jan. 2, 2019).  "Courts often consider the

following factors when deciding whether to stay an action: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." Markel American Ins. Co. v. Dolan, 787 F. Supp. 2d 776, 779 (N.D. Ill. May 11, 2011).  Upon consideration of the aforementioned factors, the Court finds that a stay is not warranted.

Plaintiff will not experience prejudice or be placed at a tactical disadvantage if discovery is stayed.  A "mere delay in plaintiff's ability to proceed to discovery caused by the stay amounts to little, if any, prejudice."  Rao v. JPMorgan Chase Bank, N.A., No. 21 C 1361, 2021 WL 4927415, at *1 (N.D. Ill. May 12, 2021). Additionally, parties have an obligation to preserve evidence material to the litigation.  See Fed. R. Civ. P. 37.  Moreover, despite Plaintiff's concern that a stay would impede Plaintiff's ability to locate class members and potentially prejudice class members, that concern appears speculative.

However, the Court finds that a stay would not simplify the issues in question and streamline the trial and would not reduce

the burden of litigation on the parties and on the Court.  In <u>Cothron</u>
<u>v. White Castle Sys., Inc.</u>, the Illinois Supreme Court held that, with
regards to claims under §§ 15(b) and (d) of BIPA, "a claim accrues
under the Act with every scan or transmission of biometric
identifiers or biometric information without prior informed consent."
216 N.E.3d 918, 929, <u>as modified on denial of reh'g</u>, (Ill. 2023).  The
Illinois Supreme Court further noted that "policy-based concerns
about potentially excessive damage awards under the Act are best
addressed by the legislature. We respectfully suggest that the
legislature review these policy concerns and make clear its intent
regarding the assessment of damages under the Act." <u>Id.</u>

On June 14, 2024, the Illinois Legislature passed SB 2979 to
address the damages issue raised by the Illinois Supreme Court.
The proposed amendment states:

> (b) For purposes of subsection (b) of Section 15, a private
> entity that, in more than one instance, collects, captures,
> purchases, receives through trade, or otherwise obtains
> the same biometric identifier or biometric information from
> the same person using the same method of collection in
> violation of subsection (b) of Section 15 **has committed a**
> **single violation** of subsection (b) of Section 15 for which
> the aggrieved person is **entitled to, at most, one**
> **recovery** under this Section.
> (c) For purposes of subsection (d) of Section 15, a private
> entity that, in more than one instance, discloses,

rediscloses, or otherwise disseminates the same biometric identifier or biometric information from the same person to the same recipient using the same method of collection in violation of subsection (d) of Section 15 **has committed a single violation** of subsection (d) of Section 15 for which the aggrieved person **is entitled to, at most, one recovery** under this Section regardless of the number of times the private entity disclosed, redisclosed, or otherwise disseminated the same biometric identifier or biometric information of the same person to the same recipient.

d/e 21, Ex. 1 (emphasis added). SB 2979 is awaiting signature by Illinois Governor J. B. Pritzker.

Defendant CGB argues that SB 2979 clarifies that claims under BIPA §§ 15(b) and (d) "accrue only once, upon the first collection and/or dissemination of a plaintiff's purposed biometric data." d/e 21, p. 4. Defendant CGB further argues that because: (1) the statute of limitations for BIPA claims is five years; (2) Plaintiff first scanned his purported biometric data in 2011; and (3) Plaintiff did not file the instant suit until August 2023; SB 2979 would require the dismissal of Plaintiff's BIPA §§ 15(b) and (d) claims. Id. at pp. 4–5.

However, the Court finds that Defendant CGB's interpretation of SB 2979 is not a correct reading of the proposed bill. SB 2979 makes no mention regarding the accrual

of claims. Rather, SB 2979 clarifies that plaintiffs whose biometrics are collected or disseminated by a private entity without consent are entitled to a single monetary recovery, regardless of the number of times the private entity collected or disseminated the biometric data. SB 2979 does **not** state that BIPA claims only accrue once on the date of the first alleged BIPA violation, as opposed to the final alleged violation. In other words, SB 2979 speaks to the assessment of damages, not to when BIPA claims accrue. Because SB 2979 would not require dismissal of Plaintiff's BIPA §§ 15(b) and (d) claims, as Defendant CGB purports it does, anticipation of SB 2979 being signed into law by Governor Pritzker does not simplify the issues in question, does not streamline the trial, and does not reduce the burden of litigation on the parties and on the Court. After considering the factors, a stay is not warranted.

### III. CONCLUSION

For the reasons stated, Defendants CGB's Motion to Stay Proceedings (d/e 20) is DENIED.

**ENTERED:  July 25, 2024.**

**FOR THE COURT:**

/s/ Sue E. Myerscough

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**